| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ABAN OFFSHORE LIMITED f/k/a ABAN §
LOYD CHILES OFFSHORE, LTD., §
　　　　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:10-CV-5
　　　　　　　　　　　　　　　　§
GUY COVINGTON and RUSSELL §
COVINGTON, §
　　　　　　　　　　　　　　　　§
　　　　Defendants. §

**MEMORANDUM AND ORDER**

Pending before the court is Defendants Guy Covington and Russell Covington's (the "Covingtons") Motion for Summary Judgment (#52). The Covingtons move for summary judgment on Plaintiff Aban Offshore Ltd. f/k/a Aban Loyd Chiles Offshores, Ltd.'s ("Aban") causes of action based on the affirmative defense of res judicata, asserting that the facts and claims have already been decided by an arbitration panel in accordance with a contract executed between Beacon Maritime, Inc. ("Beacon"), the Covingtons' employer, and Aban.

I.　Background

This case arises from a contractual dispute between Beacon and Aban. On or about September 13, 2005, Aban entered into a contract ("the Contract") with Beacon, a marine construction and engineering corporation headquartered in Orange, Texas, to refurbish a self-elevating offshore drilling rig. At the time the Contract was executed, Russell and Guy were, respectively, President and Vice-President of Beacon, but neither was a signatory to the Contract.

Subsequently, a dispute arose regarding the cost and quality of Beacon's work, and on March 7, 2008, Aban filed a lawsuit against Beacon in the Southern District of Texas. *See Aban Offshore Ltd. v. Beacon Maritime, Inc.* ("Beacon litigation"), No. H-08-761 (S.D. Tex.). In that case, Beacon filed a motion to dismiss Aban's complaint and to compel arbitration, which United States District Judge Vanessa D. Gilmore granted on June 20, 2008. On June 5, 2009, Aban served its first amended arbitration complaint ("arbitration complaint") on Beacon ("Beacon arbitration"), naming both Beacon and the Covingtons as Respondents and asserting causes of action against Beacon, individually, for claims arising under the Contract and against Beacon and the Covingtons for negligent misrepresentation, common law fraud, and fraud in the inducement.

On November 23, 2009, the Covingtons filed their original petition in the 128th Judicial District Court of Orange County, Texas, seeking a declaration that they were not required to arbitrate their dispute with Aban. Aban removed the case to federal court and filed a motion to compel the Covingtons to arbitrate, which this court granted on March 15, 2010. Ultimately, the United States Court of Appeals for the Fifth Circuit reversed this court's decision and determined that the Covingtons could not be compelled to arbitrate their claims asserted against them by Aban. On January 22, 2010, Aban filed a counterclaim against the Covingtons, asserting causes of action for negligent misrepresentation, fraudulent misrepresentation, and fraudulent inducement. In response, the Covingtons pled the affirmative defense of res judicata. On January 6, 2012, the court realigned the parties and designated Aban Offshore Limited f/k/a Aban Loyd Chiles Offshore, Ltd. as Plaintiff and the Covingtons as Defendants.

On June 29, 2012, the arbitration panel issued its ruling ("Beacon Arbitration award") in the Beacon arbitration, denying Aban's negligent misrepresentation and fraud claims. On October

2, 2012, Judge Gilmore confirmed the arbitration award and entered judgment consistent with the Beacon Arbitration award.

On August 15, 2012, the Covingtons filed the instant motion seeking summary judgment on Aban's claims, asserting that the ruling rendered in the Beacon arbitration precludes Aban's instant suit.[1]

II. Analysis

A. Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The parties seeking summary judgment bear the initial burden of informing the court of the basis for their motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which they believe demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). Where a defendant moves for summary judgment on the basis of an affirmative defense and, thus, bears the ultimate burden of persuasion, "evidence must be adduced supporting each element of the defense and demonstrating the lack of any genuine issue of material fact with regard thereto." *Terrebone*

---

[1] Aban's response to the Covingtons' motion argued that summary judgment was premature because, at the time, Beacon's motion to confirm the arbitration award was pending before Judge Gilmore. Judge Gilmore, however, entered Final Judgment confirming the arbitration award shortly after Aban's response was filed. Thus, the issues raised by Aban are moot. Aban failed to respond to the substantive allegations presented in the Covingtons' motion.

3

*Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002); *see Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1074 (5th Cir.), *cert. denied*, 522 U.S. 915 (1997); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). To warrant judgment in its favor, the movant "'"must establish beyond peradventure *all* of the essential elements of the defense."'" *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003) (emphasis in original) (quoting *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot*, 780 F.2d at 1194)); *accord Addicks Servs., Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 293 (5th Cir. 2010).

"A fact is material only if its resolution would affect the outcome of the action . . . ." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *accord Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005); *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis in original). Thus, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010); *Wiley*, 585 F.3d at 210; *EMCASCO Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 438 F.3d 519, 523 (5th Cir. 2006); *Cooper Tire & Rubber Co.*, 423 F.3d at 454. The moving parties, however, need not negate the elements of the nonmovant's case. *See Bayle*, 615 F.3d at 355; *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994));

*Millennium Petrochemicals, Inc. v. Brown & Root Holdings, Inc.*, 390 F.3d 336, 339 (5th Cir. 2004).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3 (quoting FED. R. CIV. P. 56(e)); *Anderson*, 477 U.S. at 256; *Bayle*, 615 F.3d at 355; *EMCASCO Ins. Co.*, 438 F.3d at 523; *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004). "[T]he court must review the record 'taken as a whole.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see Riverwood Int'l Corp. v. Emp'rs Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility. *Reeves*, 530 U.S. at 150; *EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009); *Lincoln Gen. Ins. Co.*, 401 F.3d at 350; *Smith*, 391 F.3d at 624; *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). The evidence of the nonmovant is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in its favor. *Groh v. Ramirez*, 540 U.S. 551, 562 (2004) (citing *Anderson*, 477 U.S. at 255); *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, 578 F.3d 255, 258 (5th Cir. 2009); *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004); *Martin*, 353 F.3d at 412.

Furthermore, "only reasonable inferences in favor of the nonmoving party can be drawn from the evidence." *Mills v. Warner-Lambert Co.*, 581 F. Supp. 2d 772, 779 (E.D. Tex. 2008) (citing *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 469 n.14 (1992)). "If

5

the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Eastman Kodak Co.*, 504 U.S. at 468-69; *accord Shelter Mut. Ins. Co. v. Simmons*, 543 F. Supp. 2d 582, 584-85 (S.D. Miss.), *aff'd*, 293 F. App'x 273 (5th Cir. 2008). The nonmovant's burden is not satisfied by "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,'" by speculation, by the mere existence of some alleged factual dispute, or "by only a 'scintilla' of evidence." *Little*, 37 F.3d at 1075 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Matsushita Elec. Indus. Co.*, 475 U.S. at 586; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)); *accord Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288, 294-95 (5th Cir. 2007); *Warfield*, 436 F.3d at 557; *Boudreaux*, 402 F.3d at 540. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown*, 337 F.3d at 541; *accord RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950 (2002); *see Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 332 (5th Cir. 2004).

Here, Aban, the nonmoving party, has filed no response and has proffered no evidence in opposition to the Covingtons' motion. Summary judgment may not be awarded by default, however, merely because the nonmoving party has failed to respond. *See Ford-Evans v. Smith*, 206 F. App'x 332, 334 (5th Cir. 2006); *United States v. Wilson*, 113 F. App'x 17, 18 (5th Cir. 2004); *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *Settlement Capital Corp. v. Pagan*, 649 F. Supp. 2d 545, 552 (N.D. Tex. 2009). "'A motion for summary judgment cannot be granted simply because there is no opposition, even if

failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.'" *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (quoting *Hibernia Nat'l Bank*, 776 F.2d at 1279); *see Owens v. Town of Delhi*, 469 F. Supp. 2d 403, 405-06 (W.D. La. 2007); *Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 947-49 (S.D. Tex. 2005).

Nonetheless, the court may grant summary judgment if the movants have made a *prima facie* showing that they are entitled to such relief. *See* FED. R. CIV. P. 56(e); *see also Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Owens*, 469 F. Supp. 2d at 405. The nonmovant is "'under an obligation to respond . . . in a timely fashion and to place before the court all materials it wishes to have considered when the court rules on the motion.'" *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1293 n.11 (5th Cir.) (quoting *Cowgill v. Raymark Indus., Inc.*, 780 F.2d 324, 329 (3d Cir. 1985)), *cert. denied*, 513 U.S. 926 (1994). The court may also accept as undisputed the facts set forth in support of the unopposed motion for summary judgment. *See Eversley*, 843 F.2d at 174; *Lynch v. Jet Ctr. of Dallas, LLC*, No. 3:05-CV-2229-L, 2007 WL 211101, at *3 (N.D. Tex. Jan. 26, 2007); *Perry Williams, Inc. v. FDIC*, 47 F. Supp. 2d 804, 809 (N.D. Tex. 1999); *Rayha v. United Parcel Serv., Inc.*, 940 F. Supp. 1066, 1068 (S.D. Tex. 1996); Local Rule CV-56(c).

B.     Res Judicata

Federal courts have traditionally adhered to the related doctrines of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion, when confronted with prior judgments in related cases. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Langston v. Ins. Co. of N. Am.*, 827

F.2d 1044, 1046 (5th Cir. 1987). "Res judicata incorporates the doctrines of merger and bar, thereby extending the effect of a judgment to the litigation of all issues relevant to the same claim between the same parties, whether or not those issues were raised at trial." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000). "Collateral estoppel precludes the relitigation of issues actually adjudicated, and essential to the judgment, in a prior suit between the parties on a different cause of action." *Id.* The United States Supreme Court and other courts have recognized that these doctrines "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen*, 449 U.S. at 94 (citing *Montana v. United States*, 440 U.S. 147, 153-54 (1979)); *see also Matter of Brady, Tex., Mun. Gas Corp.*, 936 F.2d 212, 220 (5th Cir.), *cert. denied*, 502 U.S. 1013 (1991).

Under the doctrine of res judicata, a final judgment is an absolute bar to a subsequent lawsuit between the same parties upon the same claims or causes of action. *See United States v. Mendoza*, 464 U.S. 154, 158 n.3 (1984); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Peoples State Bank v. Gen. Elec. Capital Corp. (In re Ark-La-Tex Timber Co.)*, 482 F.3d 319, 330 (5th Cir. 2007); *St. Paul Mercury Ins. Co.*, 224 F.3d at 436 (citing *Kaspar Wire Works v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978)); *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983). "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005) (citing *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395 (5th Cir. 2004); *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir.), *cert. denied*, 527 U.S. 1004 (1999)). Res judicata bars all claims that were or

8

could have been litigated in the prior action, not merely those that were adjudicated. *See Rivet v. Regions Bank*, 522 U.S. 470, 476 (1998); *Moitie*, 452 U.S. at 398; *Travelers Ins. Co. v. St. Jude Hosp.*, 37 F.3d 193, 195 (5th Cir. 1994), *cert. denied*, 514 U.S. 1065 (1995); *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990); *Nilsen*, 701 F.2d at 560. Thus, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen*, 449 U.S. at 94 (citing *Cromwell v. Cnty. of Sac*, 94 U.S. 351, 352 (1876)).

The Fifth Circuit has established a four-prong test for assessing the preclusive effect of prior judgments:

> "'For a prior judgment to bar an action on the basis of res judicata, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases.'"

*In re Intelogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir. 2000) (quoting *Nilsen*, 701 F.2d at 559) (quoting *Kemp v. Birmingham News Co.*, 608 F.2d 1049, 1052 (5th Cir. 1979), *overruled on other grounds by Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 870 (5th Cir. 1984))); *see Ries v. Paige (In re Paige)*, 610 F.3d 865, 870 (5th Cir. 2010); *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 282 (5th Cir. 2001); *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). "If these conditions are satisfied, all claims or defenses arising from a 'common nucleus of operative facts' are merged or extinguished." *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004).

### 1. Parties Are Identical or in Privity

Res judicata requires that "the parties are identical or in privity." *Test Masters Educ. Servs., Inc.*, 428 F.3d at 571. The Fifth Circuit has noted that parties "for purposes of res

9

judicata does not mean formal, paper parties only, but also includes parties in interest, that is, that persons whose interests are properly *placed before the court* by someone with standing to represent them are bound by the matters determined in the proceeding." *Latham v. Wells Fargo Bank*, 896 F.2d 979, 983 (5th Cir. 1990) (emphasis in original) (citations omitted); *see also Matter of Baudoin*, 981 F.2d 736, 741 (5th Cir. 1993). A non-party is in privity with a party for res judicata purposes in three instances:

> First, if he has succeeded to the party's interest in property, he is bound by prior judgments against the party. Second, if he controlled the prior litigation, he is bound by its result. Third, he is bound if the party adequately represented his interests in the prior proceeding.

*Latham*, 896 F.2d at 983 (citing *Benson & Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174 (5th Cir. 1987)). "'A non-party . . . is adequately represented where a party in the prior suit is so closely aligned to her interests as to be her virtual representative.'" *Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 747 (5th Cir. 1994), *cert. denied*, 513 U.S. 1155 (1995) (quoting *Eubanks v. FDIC*, 977 F.2d 166, 170 (5th Cir. 1992)); *see Harris Cnty. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 316-17 (5th Cir. 1999). "This requires more than a showing of parallel interests—it is not enough that the non-party may be interested in the same questions or proving the same facts." *Eubanks*, 977 F.2d at 170. The court has characterized this determination as "a broad concept, which requires us to look to the surrounding circumstances to determine whether claim preclusion is justified." *Russell v. SunAmerica Secs., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992).

In addition, the Fifth Circuit has held that employer-employee or principal-agent relationships may be the basis for a defense of res judicata. *See Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279 (5th Cir. 1989), *cert. denied*, 506 U.S. 864 (1992). In *Lubrizol*, the plaintiff filed

a patent infringement suit against Exxon, which subsequently was settled and dismissed. *Id.* at 1281-82. Thereafter, the plaintiff filed suit against two Exxon employees based on their alleged actions during the previously filed action. *Id.* at 1282. The employees moved to dismiss the claims based on the defense of res judicata. *Id.* The district court converted the motion into one for summary judgment and eventually granted it. *Id.* On appeal, the Fifth Circuit held that the vicarious liability relationship between the company and its employees justified claim preclusion. *Id.* at 1289.

Here, although the Covingtons were not parties to the Beacon arbitration, Russell and Guy Covington were Beacon's president and vice president, respectively, and were responsible for communicating with Aban prior to and during the negotiations of the Contract and during the performance of the work. Indeed, Venkateswaran Parameswaran ("Venkat"), Aban's Deputy Managing Director, confirmed during his deposition that Aban was seeking relief from the Covingtons based on their statements made in their capacity as officers of the company. Finally, the Covingtons testified regarding their actions taken on behalf of Beacon during the Beacon arbitration. Therefore, as in *Lubrizol*, it is evident that the Covingtons are related by vicarious liability to Beacon in the prior lawsuit and that res judicata applies.

### 2. Court of Competent Jurisdiction

Next, the court must determine if the arbitration panel issuing the Beacon Arbitration award was a court of competent jurisdiction. It is well settled that both the doctrines of *res judicata* and collateral estoppel apply to arbitration awards. *See Milliken v. Grigson*, 986 F. Supp. 426, 431 (S.D. Tex. 1997), *aff'd*, 158 F.3d 583 (5th Cir. 1998); *Autotrol Corp. v. J-F Equip. Co.*, 820 F. Supp. 293, 297 (N.D. Tex. 1993); *see also Stoker v. Trimas, Corp.*, No. 11-41154, 2012

WL 2505512, at *1 (5th Cir. June 29, 2012); *Int'l Transactions Ltd. v. Embotelladora Agral Regiomontana S.A. de C.V.*, No. 3:01-CV-1140, 2006 WL 2217478, at *5 n.14 (N.D. Tex. Aug. 3, 2006); *Consorcio Rive, S.A. de C.V. v. Briggs of Cancun, Inc.*, No. Civ. A. 99-2204, 2000 WL 1023420, at *4 (E.D. La. July 24, 2000). Indeed, even without judicial confirmation, "a foreign arbitral award is *res judicata* between the parties as to the merits." *Schlumberger Tech. Corp. v. United States*, 195 F.3d 216, 220 (5th Cir. 1999). "Numerous courts have recognized that arbitration awards can have preclusive effect in subsequent litigation." *Autotrol Corp.*, 820 F. Supp. at 297 (citing *Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1136 (5th Cir. 1991); *Pujol v. Shearson/Am. Express, Inc.*, 829 F.2d 1201, 1206 (1st Cir. 1987); *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1361 (11th Cir. 1985); *Davis v. Chevy Chase Fin. Ltd.*, 667 F.2d 160, 172 (D.C. Cir. 1981); *Gardner v. Shearson, Hammill & Co.*, 433 F.2d 367, 368 (5th Cir. 1970), *cert. denied*, 401 U.S. 978 (1971)).

"In Texas, an arbitration award has the same effect as the judgment of a court of last resort." *Milliken*, 986 F. Supp. at 431. "Arbitration awards are favored by the courts to dispose of pending disputes and every reasonable presumption should be indulged to uphold the arbitration proceeding." *Id.* (citing *J.J. Gregory Gourmet Servs., Inc. v. Antone's Import Co.*, 927 S.W.2d 31, 33 (Tex. App.—Houston [1st Dist.] 1995, no writ); *City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 518 (Tex. App.—Houston [1st Dist.] 1995, writ denied)). "Consistent with Texas law on *res judicata*, an arbitration proceeding and award is given preclusive effect in a later suit if the arbitration involved: (1) an identity of parties; (2) an identity of the cause of action; and (3) a full and fair opportunity to litigate the matter." *Autotrol Corp.*, 820 F. Supp. at 297 (citing *Monahan v. Paine Webber Grp., Inc.*, 724 F. Supp. 224, 226 (S.D.N.Y. 1989)).

Because the court has established that there is an identity of parties and an identity of the causes of action and there is no dispute that the parties had a full opportunity to litigate the matter, the Beacon Arbitration award satisfies the second element.

### 3.     Final Judgment on the Merits

The court must next assess whether the Beacon Arbitration award was a final judgment on the merits. The arbitration panel conducted a six-day proceeding and rendered a decision stating that it conducted "a hearing on the merits." Moreover, the panel's ruling addressed each issue raised by Aban against Beacon. Finally, the confirmation of an arbitration award by the district court serves as a final judgment. *See Wilder Corp. of Del. v. Rural Cmty. Ins. Servs.*, No. 12-10036, 2012 WL 5076279, at *2 (5th Cir. Oct. 18, 2012); *Jensen v. Flores (In re Flores)*, Bankr. No. 07-52684, 2008 WL 2008617, at *2 n.1 (Bankr. W.D. Tex. May 6, 2008) (citing cases holding that res judicata applies to final judgments confirming an arbitration award). Thus, final judgment on the merits was entered in the district court in the Southern District of Texas on October 2, 2012.

### 4.     Same Cause of Action

To determine whether two suits involve the same claim, the Fifth Circuit has adopted the transactional test set forth in Section 24 of the *Restatement (Second) of Judgments*. *See In re Paige*, 610 F.3d at 872; *Ellis*, 211 F.3d at 938; *N.Y. Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000); *In re Intelogic Trace, Inc.*, 200 F.3d at 386; *In re Southmark Corp.*, 163 F.3d at 934; *Travelers Ins. Co.,* 37 F.3d at 195; *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994). "'Under this approach, the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus

13

of operative facts.'" *Agrilectric Power Partners, Ltd.*, 20 F.3d at 665 (quoting *In re Howe*, 913 F.2d at 1144); *accord In re Paige*, 610 F.3d at 871. "If the factual scenario of the two actions parallel, the same cause of action is involved in both. The substantive theories advanced, forms of relief requested, types of rights asserted, and variation in evidence needed do not inform this inquiry." *Agrilectric Power Partners, Ltd.*, 20 F.3d at 665.

"In evaluating the res judicata effect of a prior claim on a subsequent one, the transactional test does not inquire whether the same *evidence* has been presented in support of the two claims, but rather asks *whether the same key facts are at issue in both of them*." *Gillispie*, 203 F.3d at 387 (emphasis in original). "[T]he principal test for comparing causes of action is whether the primary right and duty or wrong are the same in each action." *Nilsen*, 701 F.2d at 559 (citing *Kemp*, 608 F.2d at 1052; *Stevenson v. Int'l Paper Co.*, 516 F.2d 103, 109 (5th Cir. 1975)). "'When two successive suits seek recovery for the same injury, "a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit."'" *Id.* at 564 (quoting *Harrington v. Vandalia-Butler Bd. of Educ.*, 649 F.2d 434, 437 (6th Cir. 1981) (quoting *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978))).

Both the Beacon arbitration and the instant action arise from the same set of facts surrounding the Contract to refurbish Aban's drilling rig. Furthermore, Aban's arbitration complaint is nearly identical to its counterclaim against the Covingtons. Aban asserted the same claims of negligent misrepresentation, fraud, and fraud in the inducement in both pleadings, but replaced "Respondents," as used in the arbitration complaint, with "the Covingtons" in its allegations listed in the counterclaim. Moreover, Venkat's testimony that the claims were based on the Covingtons' statements made in their official capacity as Beacon employees reveal that the

14

cases rely on the "same nucleus of operative facts." Therefore, Aban's claims against the Covingtons in this case are the same as those asserted against Beacon in the prior action.

III. Conclusion

Accordingly, the Covingtons' Motion for Summary Judgment is GRANTED. Aban is precluded by the doctrine of res judicata from relitigating these causes of action and claims in this court. There remain no material facts in dispute, and the Covingtons are entitled to judgment as a matter of law.

SIGNED at Beaumont, Texas, this 16th day of November, 2012.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE